■ Takahisa Onishi et al., Respondents, v N & B Taxi, Inc., et al., Appellants. [858 NYS2d 171]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about September 28, 2007, which denied defendants' motion for summary judgment dismissing the complaint for lack of serious injury (Insurance Law § 5102 [d]), unanimously modified, on the law, plaintiff's claim for nonpermanent injury (90/180 claim) dismissed, and otherwise affirmed, without costs.

Defendants established their entitlement to summary judgment dismissing plaintiff's 90/180-day claim based upon the revelation in plaintiff's deposition testimony and bill of particulars that he stayed home from work for only 11 days after the accident (*see Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669 [2007]). Plaintiff failed to raise a triable issue of fact as to whether he was incapacitated from performing all of his usual and customary activities for at least 90 out of 180 days following the accident. Although he testified that he was advised by his physicians to refrain from landscaping and heavy lifting, and that he was somewhat restricted in the activities of his daily living, such evidence is insufficient to raise a triable issue of fact as to whether plaintiff sustained a "90/180" injury (*Thompson v Abbasi*, 15 AD3d 95, 101 [2005]; *see also Gorden v Tibulcio*, 50 AD3d 460, 463-464 [2008]).

However, with regard to plaintiff's claim of permanent injury, the motion was properly denied. Defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing that claim by submitting, among other things, the affirmed report of their expert who examined plaintiff. Contrary to the finding of Supreme Court, the mere fact that defendants' expert did not address findings in diagnostic and operative reports indicating that plaintiff had a herniated disc does not mean that defendants failed to meet their initial burden. A herniated disc, by itself, is insufficient to constitute a "serious injury"; rather, to constitute such an injury, a herniated disc must be accompanied by objective evidence of the extent of alleged physical limitations resulting from the herniated disc (*Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Servones v Toribio*, 20 AD3d 330 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). Thus, we recently rejected the notion that a defendant cannot meet its initial burden on summary judgment of demonstrating the absence of "serious injury" where the defendant's expert fails to address diagnostic reports indicating that the plaintiff has herniated or bulging disks (*Style v Joseph*, 32 AD3d 212 [2006]; *see Santana v Khan*, 48 AD3d 318 [2008]).

*Nix v Yang Gao Xiang* (19 AD3d 227 [2005]), cited by Supreme Court, is distinguishable. In *Nix*, this Court determined that a defendant's expert's report was insufficient to demonstrate that the plaintiff did not sustain a "serious injury" because the "report was conclusory, failed to indicate what, if any, objective tests were relied upon, and failed to address the objective findings of plaintiff's MRI and CT scan, which showed disc herniations and bulges." (*Id.*) In other words, the report suffered from multiple infirmities. Here, however, defendants' expert's report

was neither conclusory nor failed to demonstrate the absence of "serious injury." Similarly, *Patterson v Rivera* (49 AD3d 337 [2008]) and *Wadford v Gruz* (35 AD3d 258 [2006]) are distinguishable since the defendants' experts in those cases failed to address not only MRI reports indicating herniated discs but other evidence of serious injury as well.

In opposition to defendants' prima facie showing of entitlement to judgment as a matter of law dismissing his claim of permanent injury, plaintiff raised a triable issue of fact, principally on the strength of the affirmation of his neurologist. Defendants' claim that plaintiff has a preexisting medical condition that accounts for some or all of the injuries plaintiff claimed were caused by the accident was not raised by defendants before Supreme Court. Furthermore, defendants abandoned their claim, raised in their reply papers before Supreme Court, that plaintiff's experts failed to explain a gap in treatment. Concur— Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ.