(January 8, 2009)

■ DENISE SHUMWAY, Respondent, v HAROLD BUNGEROTH et al., Appellants. [870 NYS2d 27]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered February 26, 2008, which denied defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

Defendants failed to meet their initial burden of establishing that plaintiff had not sustained serious injury within the meaning of Insurance Law § 5102 (d). Defendants' medical expert, who examined plaintiff four years after her April 2003 accident, reviewed only the police accident report and the bill of particulars, and did not address any of plaintiff's medical records, including reports of examinations in May and July 2003 revealing diminished range of motion, in specified degrees, in the cervical, thoracic, lumbar, and sacral hip areas, as well as a June 2003 MRI report indicating disc bulges and herniation.

We agree with the dissent insofar as it states that the failure of a defendant's medical expert to discuss diagnostic tests indicating bulging or herniated discs will not, by itself, require denial of a defense summary judgment motion (*see Onishi v N & B Taxi, Inc.*, 51 AD3d 594 [2008]). However, the decision in *Onishi*, relied on by the dissent, notes that where, as here, a defendant's expert fails to address "not only MRI reports indicating herniated discs but other evidence of serious injury as well," the defense has not met its initial burden on summary judgment (*id.* at 596).

Even if defendants were deemed to have made a prima facie showing, a triable issue of fact was raised by plaintiff's evidence, including her expert's affirmed report of an examination showing a continued quantified loss of range of motion after defendant's expert's examination. Concur—Lippman, P.J., Buckley, Sweeny and Renwick, JJ.

Andrias, J., dissents in a memorandum as follows: While defendants' neuromuscular rehabilitative expert, who examined plaintiff four years after the April 2003 automobile accident and found no physical limitations, failed to address findings in plaintiff's medical records that included a June 17, 2003 MRI report indicating that plaintiff had a disc herniation at L1-2 and a disc bulge at L5-S1, the mere failure to address these findings does not mean that defendants failed to meet their initial burden of establishing a prima facie case that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*Onishi v N & B Taxi, Inc.*, 51 AD3d 594 [2008]; *see also Style v Joseph*, 32 AD3d 212, 214 [2006]; *Santana v Khan*, 48 AD3d 318 [2008]). In opposition, plaintiff failed to raise a triable issue of fact regarding whether she sustained a serious injury.

The August 2007 report of plaintiff's chiropractor, aside from not being "contemporaneous," noted minor limitations, but failed to compare any findings he made as to ranges of motion in May and July 2003 with the "normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). The only contemporaneous evidence, an unsworn May 27, 2003 report of a neurological consultation, established that plaintiff had normal ranges of motion and normal straight leg raise. Moreover, plaintiff testified at her deposition that although she continued to have persistent neck and lower back pain, after the accident she stayed in bed for only two days and did not miss any time from work, and that her treatment consisted of visits to the chiropractor for a year. Thereafter, she chose to stop treatment and started taking yoga classes.

Accordingly, I would reverse and grant defendants summary judgment dismissing the complaint.