■ DARRELL R. DAY et al., Respondents, v JUAN F. SANTOS et al., Appellants. [870 NYS2d 30]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered March 26, 2008, which denied defendants' motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants made a prima facie showing of their entitlement to summary judgment by submitting the affirmed report of an expert who examined plaintiff Rebecca Mattos and concluded, based upon objective tests conducted, that she had not suffered a permanent consequential limitation or a significant limitation (*see Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [2008]). Plaintiffs failed to raise a triable issue of fact with their expert's affirmed report finding limitations in Mattos's range of motion, as the expert's examination was conducted more than two years after the accident (*see Ali v Khan*, 50 AD3d 454, 455 [2008]; *Batts v Medical Express Ambulance Corp.*, 49 AD3d 294, 295 [2008]). Additionally, Mattos offered no explanation for the discontinuation of her treatment within six months after the accident (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]).

Defendants also established prima facie that Mattos did not suffer a 90/180-day injury, and Mattos failed to raise a triable issue of fact, given her testimony that she went back to work immediately after the accident (*see Gorden v Tibulcio*, 50 AD3d 460, 463 [2008]; *Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669, 670 [2007]). Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and DeGrasse, JJ.