■ Tonya Morris, Respondent, v Mady Cisse et al., Appellants, et al., Defendant. [871 NYS2d 113]—

Amended order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered on or about February 29, 2008, which, insofar as appealed from, denied defendant Cisse's motion and defendant Sawaneh's cross motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to the extent of granting those portions of

the motions seeking summary judgment dismissing the claims based on the 90/180 provision of Insurance Law § 5102 (d), and dismissing those claims, and otherwise affirmed, without costs.

The record presents triable issues regarding whether plaintiff sustained a serious injury (Insurance Law § 5102 [d]) as a result of a car accident that occurred on September 10, 2004 while a passenger in a livery vehicle. Considering the facts in the light most favorable to plaintiff (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]), the properly affirmed evidence submitted by plaintiff's physicians demonstrates that plaintiff may well have sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]).

While plaintiff was treated at and released from the emergency room at St. Barnabas Hospital on the day of the accident, she remained home from work for two weeks. She then sought treatment at Bronx Rehabilitation Associates and continued treatment there until July 31, 2006. Plaintiff's physician, Dr. Edwin Gangemi, reports that she sustained cervical strain and cervical radiculitis on the left side that diminished her extension by 10 degrees and that she continued to have left-sided pain. He further found continued pain, bilateral joint dysfunction, lumbosacral dysfunction, and lumbar radiculopathy. He prescribed various pain killers, including Ultracet and Flexoril. Dr. Michael Shapiro, a board certified radiologist, found muscle spasm, and central disc herniations at C3-4, C4-5 and C5-6 and Dr. Michael Marini, also of Bronx Rehabilitation Associates, found cervical radiculopathy and lumbosacral derangement, secondary to herniated disc and referable to the accident of September 10th. Based on that, there is substantial evidence that plaintiff sustained, inter alia, a permanent cervical strain, cervical and lumbar radiculopathy, central disc herniations and had limited range of motion in the cervical and lumbar spine (see Hoisington v Santos, 48 AD3d 333 [2008]; Brooks v Zises, 16 AD3d 221 [2005]). She also underwent arthroscopic surgery to her left shoulder approximately 2½ years after the accident at Montefiore Hospital following a diagnosis of olecranon bursitis by Dr. Sanjiv Bansal, an orthopedist who also attributed her shoulder impairment to the accident. She has continued treatment with Dr. Bansal. All of the above physicians' findings, are referable to the accident on September 10, 2004. Plaintiff also attached affirmations from Dr. Michael L. Russ and Dr. Ronald Lanfranchi, who had performed independent medical examinations of plaintiff in 2004. The latter physicians found that plaintiff was not disabled from performing her daily activities, but Dr. Lanfranchi found that she sustained lumbosacral sprain/strain.

Contrary to defendants' contention, there is no evidence that plaintiff had a preexisting or degenerative condition prior to the subject accident (*see Pommells v Perez*, 4 NY3d 566, 577-578 [2005]), and the record is devoid of evidence of any gap in treatment (*id.* at 574). The conclusion of Dr. Stanley Ross, who examined plaintiff on one occasion in October 2006, that any strain or sprain that plaintiff sustained had been resolved and that she could carry on daily activities without restriction is undermined by the subsequent arthroscopic surgery and continuing treatment.

However, those portions of the motions seeking summary judgment dismissing the claim under the 90/180-day category should be granted. Defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing that claim by establishing that plaintiff only missed two weeks of work following the accident (*see Camacho v Dwelle*, 54 AD3d 706 [2008]; *Onishi v N & B Taxi, Inc.*, 51 AD3d 594 [2008]; *Thompson v Abbasi*, 15 AD3d 95, 96-97 [2005]). In opposition, plaintiff failed to raise a triable issue of fact regarding whether during the first 180 days following the accident she was "curtailed from performing [her] usual activities to a great extent rather than some slight curtailment" (*Gaddy v Eyler*, 79 NY2d 955, 958 [1992], quoting *Licari v Elliott*, 57 NY2d 230, 236 [1982]). Concur—Saxe, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.