■ KIMETH MCCLELLAND, Respondent, v JOSE R. ESTEVEZ, Appellant. [908 NYS2d 192]—

Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered on or about October 8, 2009, which, in an action for personal injuries sustained in a motor vehicle accident, denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, the motion granted to the extent of dismissing plaintiff's claim based on the 90/180-day provision of Insurance Law § 5102 (d), and otherwise affirmed, without costs.

Defendant established his prima facie entitlement to summary judgment by submitting evidence, including the affirmed reports of an orthopedist and neurologist, who determined, based upon their examinations of plaintiff and objective tests conducted, that he did not sustain a serious injury. Defendant also submitted the deposition testimony of plaintiff, who stated that he missed three days of work after the subject accident.

In opposition, plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his lumbar spine. Plaintiff's expert offered objective medical proof of limited range of motion in plaintiff's lumbar spine; the MRI of plaintiff's lumbar spine showed disc herniation at L5/S1; and plaintiff's expert affirmed that the injury was caused by the accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]). Furthermore, although plaintiff's evidence regarding his injuries to his cervical spine and right elbow is limited, where "plaintiff establishe[s] that at least some of his injuries meet the 'no-fault' threshold, it is unnecessary to address whether his proof with respect to other injuries he allegedly sustained would have been sufficient to withstand [defendant's] motion for summary judgment" (*Linton v Nawaz*, 14 NY3d 821, 822 [2010]; *see also Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [2010] ["'(o)nce a prima facie case of serious injury has been established and the trier of fact determines that a serious injury has been sustained, plaintiff is entitled to recover for all injuries incurred as a result of the accident" (internal quotation marks and citations omitted)]).

However, plaintiff's claim under the 90/180-day category of Insurance Law § 5102 (d) is dismissed in light of his testimony that he only missed three days of work after the accident (*see Day v Santos*, 58 AD3d 447 [2009]).

We have considered defendant's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Manzanet-Daniels, JJ.