■ BARBARA TORAIN, Appellant, v AMADOU BAH, Also Known as MAMADOU BOBO BAH, Respondent. [913 NYS2d 27]—

Order, Supreme Court, Bronx County (Nelson S. Román, J.), entered June 11, 2009, which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d), unanimously modified, on the law, to the extent of denying the motion in part and reinstating plaintiff's claims that she sustained a significant limitation of use of a body function or system and/or a permanent consequential limitation of use of a body organ or member, and otherwise affirmed, without costs.

Defendant established a prima facie entitlement to summary judgment by submitting the affirmed reports of an orthopedic surgeon and a neurologist, who, after conducting independent examinations of plaintiff and detailing the objective tests performed, concluded that plaintiff had full range of motion in her neck, back and shoulder (see Zhijian Yang v Alston, 73 AD3d 562 [2010]). Defendant also submitted the affirmed report of a radiologist, who, upon reviewing plaintiff's MRI films, opined that plaintiff's complaints of pain were attributable to degenerative changes in her lumbar and cervical spine.

In opposition, plaintiff raised triable issues as to whether she sustained a serious injury under the categories of significant limitation of use of a body function or system and/or the permanent consequential limitation of use of a body organ or member (Insurance Law § 5102 [d]). Plaintiff's orthopedic surgeon, who examined plaintiff and reviewed the MRI films of her cervical and lumbar spine taken approximately one month after the accident, opined that the cervical herniations were caused by the trauma of the accident, inasmuch as the nucleus pulposus was projected outward in a focalized way. The conflicting expert opinions as to the cause of plaintiff's cervical herniations raises an issue of fact for trial (see e.g. Jacobs v Rolon, 76 AD3d 905 [2010]). Triable issues are also raised by evidence, including the

MRI of plaintiff's lumbar spine showing two disc bulges, that plaintiff was asymptomatic prior to the accident, that the results of the objective tests performed by plaintiff's experts indicated universal limitations in range of motion, and that such experts opined that the cause of plaintiff's lumbar injuries were related to the accident (*see id.*; *Mercado-Arif v Garcia*, 74 AD3d 446 [2010]).

Dismissal of plaintiff's claim of serious injury under the 90/180-day category was appropriate inasmuch as the record establishes that plaintiff continued to work following the accident, albeit in a diminished capacity, and there was no medical determination that she was unable to engage in substantially all her material and customary daily activities for 90 out of the first 180 days after the accident (*see e.g. Blake v Portexit Corp.*, 69 AD3d 426 [2010]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.