■ JANE LAVALI, Respondent, v JANET A. LAVALI et al., Appellants. [933 NYS2d 21]—

Defendants made a prima facie showing that plaintiff did not sustain a serious injury as a result of the subject accident by submitting the affirmed reports of their orthopedist and neurologist, who both examined plaintiff over three years after the accident, and noted full range of motion in the cervical spine, lumbar spine, and right shoulder (*see Thompson v Abbasi*, 15 AD3d 95, 96 [2005]). The affirmed MRI reports of the two radiologists who found mild degenerative changes and absence of disc herniations or bulges establishes prima facie lack of causation (*see Depena v Sylla*, 63 AD3d 504 [2009], *lv denied* 13 NY3d 706 [2009]).

In opposition, plaintiff's chiropractor's affidavit, together with the affirmed reports of her neurologist and physiatrists, was sufficient to raise a triable issue of fact as to injury to the cervical and lumbar spine. Plaintiff's chiropractor relied, inter alia, on contemporaneous and current range of motion tests, positive results on straight leg and other objective tests, and observation of spasms, as well as affirmed and unaffirmed medical reports (*see Rubencamp v Arrow Exterminating Co., Inc.*, 79 AD3d 509 [2010]; *Adetunji v U-Haul Co. of Wis.*, 250 AD2d 483, 483 [1998]). On the issue of causation, plaintiff's expert's conclusion that plaintiff sustained serious injuries as a result of the accident is based on a physical examination of the previously asymptomatic plaintiff just days after the accident and a review of her medical records which acknowledged mild disc degeneration, and thus is sufficient to raise an issue of fact (*Yuen v Arka Memory Cab Corp.*, 80 AD3d 481 [2011]; *see also Peluso v Janice Taxi Co., Inc.*, 77 AD3d 491, 493 [2010]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.