■ NANCY SINGER, Respondent, v GAE LIMO CORP. et al., Defendants, and XIU-BI CHEN, Appellant. [937 NYS2d 39]—

On September 15, 2006, plaintiff allegedly sustained serious injuries when the livery cab in which she was a passenger collided with another livery cab. After she complained of persisting pain and discomfort emanating from the left buttock area and radiating down her left leg, plaintiff's treating physician confirmed that she sustained left piriformis syndrome and left sacroiliac joint syndrome, based on diagnostic sacroiliac joint block and piriformis block injections. Plaintiff also alleges, inter alia, that she sustained acute thoracic and lumbar sprain/strain as a result of the accident, and that she was confined to bed and home, and was unable to work, as advised by her doctor, for about four months immediately after the accident.

We affirm the motion court's denial of summary judgment, although on partly different grounds. Contrary to the motion

court's finding, the reports of defendant's medical experts were sufficient to meet defendant's prima facie burden of showing an absence of serious injury to plaintiff's cervical, thoracic and lumbar spine, left hand/wrist, left knee, and left foot/ankle. Defendant's neurologist and orthopedist set forth the tests they performed and recorded ranges of motion expressed in numerical degrees and the corresponding normal values. The objective tests they performed provided support for their conclusions that the ranges of motion were normal and that plaintiff suffered no permanent injury to those parts as a result of the accident (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589 [2011]; *Glover v Capres Contr. Corp.*, 61 AD3d 549 [2009]; *DeLeon v Ross*, 44 AD3d 545 [2007], citing *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *cf. Beazer v Webster*, 70 AD3d 587 [2010]). In addition, defendant's radiologist opined that the MRI of plaintiff's lumbar spine showed preexisting degenerative changes. In opposition, plaintiff did not submit any evidence to substantiate her claim of serious injury to those body parts, and therefore failed to raise an issue of fact as to those claims of serious injury.

However, in support of his motion, defendant failed to submit any medical evidence addressing plaintiff's claim of serious injury based on piriformis syndrome and left sacroiliac joint syndrome in her pelvis/left buttock. Further, since defendant's experts examined her more than three years after the accident and did not address those claimed injuries, and defendant submitted no other evidence concerning plaintiff's condition in the 180 days following the accident, defendant also failed to meet his burden on plaintiff's 90/180-day claim (*see e.g. Quinones v Ksieniewicz*, 80 AD3d 506, 506-507 [2011]; *Feaster v Boulabat*, 77 AD3d 440, 441 [2010]). Since defendant did not meet his prima facie burden as to those claims, the burden did not shift to plaintiff and it is unnecessary to consider the sufficiency of her evidence in opposition (*see Reyes v Diaz*, 82 AD3d 484 [2011]; *Shumway v Bungeroth*, 58 AD3d 431 [2009]). If the trier of fact determines that plaintiff sustained a serious injury, it may award damages for all injuries causally related to the accident, even those that do not meet the threshold (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [2010]). Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.