■ KRYSTAL PAULINO, Appellant, v CHRISTIAN RODRIGUEZ et al., Respondents. [937 NYS2d 198]—

Defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law. Defendants demonstrated that plaintiff did not suffer a serious injury to her cervical spine, lumbar spine, or left shoulder by relying on the medical reports of plaintiff's treating physician which concluded, approximately four months after the accident, that she had full ranges of motion and that the MRIs of her cervical and lumbar spine were normal (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent a Car Sys.*, 98 NY2d 345, 350 [2002]; *Newton v Drayton*, 305 AD2d 303, 304 [2003]).

In opposition, plaintiff raised an issue of fact regarding the injury to her left shoulder. Plaintiff's subjective complaints of persistent pain were substantiated by objective medical evidence, including an MRI of her left shoulder, taken approximately two weeks after the accident, which showed the presence of fluid in her subscapular bursa, consistent with the diagnosis of bursitis. Plaintiff also submitted medical evidence that she tested positive for a painful arc test and an impingement sign test, suffered persistent pain despite conservative treatment, and continued to exhibit range of motion deficits in her left shoulder even after undergoing arthroscopic surgery (*see Morris v Cisse*, 58 AD3d 455 [2009]; *Jones v Norwich City School Dist.*, 283 AD2d 809 [2001]). Since injuries may worsen

over time, evidence of contemporaneous range of motion limitations is not a prerequisite to plaintiff's claim (*Perl v Meher*, 18 NY3d 208 [2011]).

Plaintiff submitted no further evidence of serious injury to her spine. However, if the trier of fact determines that a serious injury has been sustained, it may award damages for all injuries causally related to the accident (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549-550 [2010]).

Plaintiff did not plead a 90/180-day claim in her bill of particulars. In any event, defendants established that plaintiff returned to her part-time job within one month after the accident and there was no medical determination that she was unable to engage in substantially all of her material and customary daily activities for 90 out of the first 180 days after the accident (*see Torain v Bah*, 78 AD3d 588 [2010]). Concur— Mazzarelli, J.P., Saxe, Catterson, Acosta and Román, JJ.