■ FRANKLIN WILSON DELGADO, Respondent, v PAPERT TRANSIT, INC., et al., Appellants. [939 NYS2d 457]—

Order, Supreme Court, New York County (Manuel J. Mendez,

J.), entered May 23, 2011, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

In this action for personal injuries in which plaintiff, a pedestrian, was struck by a taxi, defendants made a prima facie showing of entitlement to judgment as a matter of law with respect to plaintiff's injury to his left knee by submitting the affirmed report of an orthopedist, who concluded, after examination and testing of ranges of motion, that plaintiff had no range-of-motion limitations (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Singer v Gae Limo Corp.*, 91 AD3d 526 [1st Dept 2012]). Plaintiff, however, raised an issue of fact with respect to that injury by submitting the affirmed report of his treating orthopedist and surgeon, who attested to qualitative limitations observed at the time of the accident and continuing through July 2010, which findings were based upon objective tests and personal observations made during arthroscopic surgery (*see Mitchell v Calle*, 90 AD3d 584 [2011]; *Suazo v Brown*, 88 AD3d 602 [2011]; *DeJesus v Cruz*, 73 AD3d 539 [2010]).

We need not address plaintiff's additional injuries since he raised a triable question of fact as to whether he suffered a serious injury that was causally related to the accident. Once a serious injury has been established, it is unnecessary to address additional injuries to determine whether the proof is sufficient to withstand defendants' motion for summary judgment (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [2010]).

Defendants failed to establish entitlement to judgment as a matter of law with respect to plaintiff's 90/180-day claim. Their conclusory assertions and mischaracterization of plaintiff's testimony regarding a conversation with his treating surgeon more than 1½ years after the accident is insufficient and well beyond the relevant statutory period (*see* Insurance Law § 5102 [d]; *Singer v Gae Limo Corp.*, 91 AD3d 526 [2012]).

We have considered defendants' remaining contentions, and find them unavailing. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.