■ Noel Cruz, Respondent, v Felix Rivera, Appellant, et al., Defendants. [942 NYS2d 91]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 14, 2011, which, insofar as appealed from as limited by the briefs, in this action for personal injuries sustained in a motor vehicle accident, denied defendant Felix Rivera's motion for summary judgment dismissing the complaint as against him, unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

Defendant established his entitlement to judgment as a matter of law. Defendant submitted the affirmed report from an orthopedist who, based upon an examination of plaintiff, found full range of motion in the relevant parts of the body and concluded that all sprains/strains had resolved. Defendant also submitted plaintiff's bill of particulars and deposition testimony wherein he stated that he only missed about one week of work as a result of the accident.

Plaintiff raised triable issues of fact as to the existence of serious injuries to his cervical and lumbar spine. Plaintiff submitted, inter alia, the affirmation of his treating physician, who reviewed MRI reports finding disc herniations and bulges and, upon examination, found that plaintiff suffered persisting muscle spasms and limitations in multiple ranges of motion. Viewing the evidence in the light most favorable to plaintiff, the physician's attribution of a quantified percentage of loss of range of motion was sufficient to raise triable issues of fact (see Perl v Meher, 18 NY3d 208, 217 [2011]; Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). The unaffirmed MRI reports, which were referred to and not disputed by defendant's medical expert, and were relied upon by plaintiff's physician, were properly considered in opposition to the motion since they were not the sole basis for the findings of plaintiff's physician (see Rubencamp v Arrow Exterminating Co., Inc., 79 AD3d 509 [2010]).

Dismissal of plaintiff's 90/180-day claim is warranted in light of the allegation in his bill of particulars that he was confined to bed for only a week, and his deposition testimony that he missed about a week of work after the accident (see Hospedales v "John Doe", 79 AD3d 536 [2010]; McClelland v Estevez, 77 AD3d 403 [2010]).

We have considered the remaining contentions, including de-

fendant's claim that there was an unexplained gap in treatment, and find them unavailing. Concur—Tom, J.P., Catterson, Richter, Abdus-Salaam and Román, JJ.