■ DELLA ROBINSON, Respondent, v MARY JOSEPH et al., Defendants, and ADAMA MBAYE et al., Appellants. [952 NYS2d 187]—

Defendants met their prima facie burden of showing that plaintiff did not sustain a serious injury to her cervical spine and lumbar spine by submitting the affirmations of a physiatrist and neurologist, both of whom found that plaintiff's cervical spine and lumbar spine demonstrated full ranges of motion in every plane, comparing plaintiff's values to normal (see Perl v Meher, 18 NY3d 208 [2011]; Vega v MTA Bus Co., 96 AD3d 506, 507 [1st Dept 2012]; Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [1st Dept 2011]). Contrary to plaintiff's contention, it was unnecessary, for defendants to meet their prima facie burden, for their experts to specifically address the positive diagnostic findings within plaintiff's medical records (see Clemmer v Drah Cab Corp., 74 AD3d 660, 660-661 [1st Dept 2010]; Shumway v Bungeroth, 58 AD3d 431 [1st Dept 2009]; Onishi v N & B Taxi, Inc., 51 AD3d 594, 595 [1st Dept 2008]).

Nevertheless, plaintiff raised an issue of fact in opposition as to both her cervical and lumbar spines. She submitted the affirmation of a radiologist explaining that the MRIs of her cervical spine revealed, among other things, disc herniations at multiple levels, and affirmed results of EMG tests which revealed lumbar and cervical radiculopathy. Further, plaintiff submitted the affirmed reports of three treating physicians, all of whom found that plaintiff's cervical and lumbar spine suffered diminished ranges of motion (see Lavali v Lavali, 89 AD3d 574 [1st Dept 2011]; Colon v Bernabe, 65 AD3d 969, 970 [1st Dept 2009]). Moreover, plaintiff's physical medicine and rehabilitation expert

stated in his affirmation that the disc herniations and radiculopathies were causally connected to the accident (*see e.g. Fuentes v Sanchez*, 91 AD3d 418 [2012]).

Defendants failed to meet their initial burden as to plaintiff's 90/180-day claim, since they relied only on the reports of their medical experts who did not examine plaintiff during the relevant statutory period and did not address plaintiff's condition during the relevant period (*see Quinones v Ksieniewicz*, 80 AD3d 506, 506-507 [1st Dept 2011]). Viewing the evidence in a light most favorable to plaintiff, as we must at this procedural posture, Supreme Court properly denied defendants' motion as to the 90/180-day claim (*see Cruz v Rivera*, 94 AD3d 576 [1st Dept 2012]; *Morris v Cisse*, 58 AD3d 455, 456 [1st Dept 2009]; *Alexandre v Dweck*, 44 AD3d 597 [2d Dept 2007]). Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.