■ Luis R. Angeles, Respondent, v American United Transportation, Inc., et al., Appellants. [973 NYS2d 644]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered January 17, 2013, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury under the "permanent consequential" and "significant" limitation of use categories of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing of entitlement to summary judgment as to plaintiff's claims of permanent consequential, or significant, limitation of use of his cervical spine, lumbar spine and shoulders by submitting expert medical reports of a neurologist and orthopedist who found full range of motion in those parts upon examination, and of a radiologist who found that the MRIs of plaintiff's cervical and lumbar spine taken shortly after the accident showed no evidence of disc bulges or herniations (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353 [2002]; *Santos v Perez*, 107 AD3d 572, 573 [1st Dept 2013]; *Robinson v Joseph*, 99 AD3d 568 [1st Dept 2012]). To the extent the radiologist opined, without any elaboration, that any discogenic changes were either age-related or a co-

morbidity of "increased body habitus/obesity," the opinion is insufficient, in light of the fact that plaintiff was 29 years old at the time of the accident, to shift the burden on the issue of causation of the spinal injuries (*see De La Cruz v Hernandez*, 84 AD3d 652 [1st Dept 2011]).

In opposition, plaintiff raised a triable issue of fact with respect to whether he sustained serious injuries in his cervical and lumbar spine by submitting affirmed reports of a radiologist and physician who found bulging and/or herniated discs shown in the MRIs taken shortly after the accident, and continuing range-of-motion deficits of those body parts (*see Duran v Kabir*, 93 AD3d 566 [1st Dept 2012]; *Seck v Balla*, 92 AD3d 543 [1st Dept 2012]). Although the report of the osteopath who treated plaintiff after the accident is unaffirmed, plaintiff is not required to present contemporaneous range of motion findings in order to establish serious injury, and his testimony, together with the osteopath's report and the MRIs taken shortly after the accident, was sufficient to demonstrate a causal link between his claimed spinal injuries and the accident (*see Perl v Meher*, 18 NY3d 208 [2011]; *Biascochea v Boves*, 93 AD3d 548, 549 [1st Dept 2012]). Further, his expert treating physician opined, after examination, that his injuries were causally related to the accident (*see June v Akhtar*, 62 AD3d 427 [1st Dept 2009]).

Accordingly, we need not reach the other claimed injuries. If the trier of fact determines that plaintiff sustained a serious injury, it may award damages for all injuries causally related to the accident, even those that do not meet the threshold (*Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]; *Singer v Gae Limo Corp.*, 91 AD3d 526 [1st Dept 2012]). Concur—Mazzarelli, J.P., Renwick, DeGrasse, Feinman and Gische, JJ.