■ ANTHONY J. FERRARA, Appellant, v SHIRLEY MIDDLETON et al., Respondents. [983 NYS2d 232]—

Judgment, Supreme Court, Bronx County (Ben R. Barbato, J.), entered February 15, 2013, dismissing the complaint alleging serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the judgment vacated. Appeal from order, same court and Justice, entered January 17, 2013, which granted defendants' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendants established prima facie that plaintiff did not sustain a serious injury of a permanent nature. They submitted the affirmed report of an orthopedic surgeon who, upon examination, found that plaintiff had full range of motion in his shoulders and that his surgery was successful, allowing him to resume school, sports and work activities. Defendant also submitted medical records from plaintiff's treating physicians, who reported shortly after the accident that plaintiff had full range of motion in his left shoulder (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent a Car Sys.*, 98 NY2d 345, 350 [2002]; *Newton v Drayton*, 305 AD2d 303, 304 [1st Dept 2003]).

In opposition, plaintiff raised a triable issue of fact concerning a significant limitation and a permanent consequential limitation with respect to his left shoulder. The MRI and the surgical reports of plaintiff's arthroscopic surgery provide objective evidence of a superior labrum anterior and posterior tear. Plaintiff's treating orthopedic surgeon, who examined plaintiff on September 19, 2012, three years after the accident, found significantly decreased range of motion and opined that plaintiff suffered permanent significant or consequential limitations as a result of the accident (*see Osborne v Diaz*, 104 AD3d 486 [1st Dept. 2013]). He also noted that, while plaintiff "started feeling

better after 6 weeks of intense physical therapy," his condition deteriorated and he started feeling pain, which was corroborated by positive tests for impingement (*see Paulino v Rodriguez*, 91 AD3d 559 [1st Dept. 2012]; *see also Morris v Cisse*, 58 AD3d 455 [1st Dept 2009]; *Perl v Meher*, 18 NY3d 208, 218 [2011] ["Injuries can become significantly more or less severe as time passes"]).

Defendants also established prima facie that plaintiff did not suffer a 90/180-day injury by submitting plaintiff's bill of particulars alleging that he was a student and that he did not miss any classes and missed only 31 days of work (*see Mitrotti v Elia*, 91 AD3d 449 [1st Dept 2012]). In opposition, plaintiff failed to submit any evidence of a medical determination that he was unable to engage in substantially all of his material and customary daily activities for 90 of the first 180 days after the accident (*see Torain v Bah*, 78 AD3d 588, 589 [1st Dept 2010]). Concur—Acosta, J.P., Renwick, Moskowitz, Freedman and Feinman, JJ.