■ SHAKINA FLUDD, Appellant, v ANILFA PENA et al., Respondents. [997 NYS2d 14]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 24, 2013, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claims of "permanent consequential" and "significant" limitations in use of the lumbar spine, and otherwise affirmed, without costs.

Defendants established prima facie that plaintiff did not sustain serious injuries to her cervical or lumbar spine as a result of the subject motor vehicle accident by submitting the affirmed report of their medical expert, who found that plaintiff had full normal range of motion and exhibited no functional disability at the time of examination (*see Long v Taida Orchids, Inc.*, 117 AD3d 624 [1st Dept 2014]). Defendants were not required to present medical evidence with respect to plaintiff's alleged injury to her left shoulder, since plaintiff failed to recall at her deposition which shoulder was injured (*see Thomas v City of New York*, 99 AD3d 580, 582 [1st Dept 2012], *lv denied* 22 NY3d 857 [2013]). Moreover, plaintiff made no complaints about any shoulder injury when she was examined by defendants' expert.

In opposition, plaintiff raised a material issue of fact as to injuries she claims were sustained to her lumbar spine. Her treating orthopedist confirmed that she exhibited limitations in range of motion in her lumbar spine when she was examined shortly after the accident and again when she was examined after defendants moved for summary judgment. The orthopedist also affirmed that he reviewed the MRI taken of plaintiff's lumbar spine less than two months after the accident, and it showed bulging disks, and he opined that the injuries were causally related to the accident (*see Santos v Perez*, 107 AD3d 572 [1st Dept 2013]). Although plaintiff inadvertently failed to attach the MRI report to the radiologist's affirmation she submitted, the affirmation by the orthopedist who reviewed the MRI constitutes admissible objective medical evidence of plaintiff's lumbar injury (*see Duran v Kabir*, 93 AD3d 566 [1st Dept 2012]). Further, defendants did not dispute the orthopedist's findings (*see Cruz v Rivera*, 94 AD3d 576 [1st Dept 2012]).

Plaintiff failed to submit any objective evidence of injury to her cervical spine, and the post-accident treatment records of

her doctor do not refer to any such injury. She also failed to raise an issue of fact as to her left shoulder claim.

Plaintiff failed to raise an issue of fact as to her 90/180-day claim, since her deposition testimony indicated that she returned to work as a police officer on limited duty eight weeks after the accident (*see Perl v Meher*, 18 NY3d 208, 220 [2011]; *Torain v Bah*, 78 AD3d 588, 589 [1st Dept 2010]). Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.