De Los Santos v Basilio (2019 NY Slip Op 07526)





De Los Santos v Basilio


2019 NY Slip Op 07526


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10138 23329/16E

[*1] Kerlin De Los Santos, Plaintiff-Appellant,
v
Ramon Pena Basilio, Defendant-Respondent.


Alpert, Slobin & Rubenstein, LLP, Bronx (Morton Alpert of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered October 3, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the claims of "permanent consequential" and "significant" limitation of use of the right shoulder, cervical spine, and lumbar spine (Insurance Law § 5102[d]), unanimously modified, on the law, to deny the motion as to the claims of "significant limitation of use," and otherwise affirmed, without costs.
Defendant established prima facie that plaintiff did not sustain a serious injury as a result of the accident through the affirmed report of an emergency medicine physician, who opined that plaintiff's EMT and emergency room hospital records were inconsistent with the claimed injuries to plaintiff's right shoulder and spine (see Streety v Toure, 173 AD3d 462 [1st Dept 2019]; Hayes v Gaceur, 162 AD3d 437, 438 [1st Dept 2018]).
In opposition, plaintiff raised an issue of fact by submitting affirmed medical reports of his treating physicians, who opined that the injuries were causally related to the accident (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]; Lavali v Lavali, 89 AD3d 574, 575 [1st Dept 2011]). The physicians' reports, documenting symptoms such as spasms, and providing quantified range of motion restrictions as compared to normal, are sufficient to demonstrate continuing limitations, notwithstanding that the doctors did not specify the instrument used to measure range of motion (see Frias v Son Tien Liu, 107 AD3d 589, 589 [1st Dept 2013]; Lavali, 89 AD3d at 575).
Plaintiff's physicians were not required to explain the findings of a No Fault examiner who concluded that plaintiff's causally related injuries had resolved (compare Nicholas v Cablevision Sys. Corp., 116 AD3d 567, 568 [1st Dept 2014] [no issue of fact raised where treating physician failed to explain inconsistency in his own earlier findings and his present findings]). The physicians' reports detailing continuous treatment for continuing pain and persistent limitations for more than a year after the accident raise an issue of fact as to whether the injuries were "significant" within the meaning of Insurance Law § 5102(d) (see Kone v Rodriguez, 107 AD3d 537, 538 [1st Dept 2013]). However, because he did not submit evidence of a recent examination finding limitations in range of motion, plaintiff failed to raise an issue of fact as to limitations of a permanent nature.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK