Oliveras v New York City Tr. Auth. (2020 NY Slip Op 00350)





Oliveras v New York City Tr. Auth.


2020 NY Slip Op 00350


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10788 24874/14

[*1] Amanda Oliveras, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents, John Doe, et al., Defendants.


The Law Office of Dino J. Domina, P.C., Garden City (Lisa M. Comeau of counsel), for appellant.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondents.



Order, Supreme Court, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered October 1, 2018, which denied plaintiff's motion for partial summary judgment on the issue of liability, and granted defendants' cross motion for summary judgment dismissing the complaint, based upon plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants met their prima facie burden of establishing that plaintiff did not sustain a serious injury to her lumbar spine by submitting affirmed medical reports from an orthopedist, Dr. Robert Pick, and neurologist, Dr. Marianne Golden, noting largely negative findings in plaintiff's physical examinations (see Cattouse v Smith, 146 AD3d 670 [1st Dept 2017]; see also Rosa v Mejia, 95 AD3d 402, 403 [1st Dept 2012]). Defendants' radiologist also noted that plaintiff's MRI films showed degenerative disease in her lumbar spine (see Campbell v Drammeh, 161 AD3d 584 [1st Dept 2018]).
Though Dr. Pick and Dr. Golden did not address plaintiff's diagnostic tests, "the failure of a defendant's medical expert to discuss diagnostic tests indicating bulging or herniated discs will not, by itself, require denial of a defense summary judgment motion" (Shumway v Bungeroth, 58 AD3d 431, 431 [1st Dept 2009], citing Onishi v N & B Taxi, Inc., 51 AD3d 594 [1st Dept 2008]). Moreover, Dr. Pick's observation that plaintiff had mild reductions in her range of motion does not undermine his conclusion that she did not sustain a disabling injury in the accident, where his examination findings were otherwise normal and he noted that any decrease in range of motion was inconsistent with her diagnoses (see Mendoza v L. Two Go, Inc., 171 AD3d 462, 462 [1st Dept 2019]).
Plaintiff failed to raise a triable issue of fact, as her claim of a lumbar spine injury is inconsistent with her reports of injury to her right knee and forearm to EMS personnel and hospital staff immediately after the accident (see Arias v Martinez, 176 AD3d 548 [1st Dept 2019]). Moreover, her medical experts' reports and affirmations were too speculative to establish a causal connection between the accident and her lumbar injury (see Vaughn v Baez, 305 AD2d 101, 101 [1st Dept 2003]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK