| Moynihan v Srivastava |
|:---:|
| 2024 NY Slip Op 31146(U) |
| April 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160842/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**     PART     **22M**

*Justice*

-----------------------------------------------------------------------X

LYDIA MOYNIHAN,

                  Plaintiff,

            - v -

ABHISHEK SRIVASTAVA, JOHN DOE

            Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160842/2019 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 52, 53, 54, 55, 56, 57, 58, 62, 64, 66, 67, 68, 69, 70, 71, 72

were read on this motion to/for      JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 50, 51, 60, 61, 63, 65

were read on this motion to/for      SUMMARY JUDGMENT (AFTER JOINDER)    .

Upon the foregoing documents, the motion by Defendant ABHISHEK SRIVASTAVA for summary judgment on the grounds that Plaintiff's claimed injuries do not satisfy the serious injury threshold under Insurance Law 5102 (d) (Motion Sequence 2) and Plaintiff's motion for partial summary judgment on the issue of liability and striking the affirmative defense of comparative negligence (Motion Sequence 3) are decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of an August 19, 2018 accident between Plaintiff pedestrian and Defendant's vehicle. Plaintiff's Bill of Particulars alleges injuries to soft tissue damages of bilateral posterolateral disc ostrophyte complex at C3-C4, right neural foraminal stenosis, right posterolateral disc osteophyte at C4-C5, superficial lateral ankle and hindfoot swelling, thoracic levocurvature, straightened cervical lordosis, disc space narrowing at C4-5, concussion, post-concussion syndrome, cognitive deficits, dizziness, photosensitivity, fatigue, memory deficits, headaches, hypersomnia, sprain/strain to the lumbar spine, cervical spine, bilateral knees, right ankle and right elbow.

160842/2019 MOYNIHAN, LYDIA vs. SRIVASTAVA, ABHISHEK      Page 1 of 4
Motion No. 002 003

1 of 4

[* 1]

## I.    SERIOUS INJURY

The burden rests upon the movant to establish that the plaintiff has not sustained a serious injury (*Love v. Bennett, 122 AD2d 728[1ˢᵗ Dept 1986]*).  When the movant has made such a showing, the burden shifts to the plaintiff to produce prima facie evidence to support the claim of serious injury (*see Lopez v. Senatore, 65 NY2d 1017[1985]*).

In support of his motion, Defendant relies on the affirmed independent examination reports of Dr. Richard D. Semble, a board-certified orthopedic surgeon, and Dr. Mark J. Decker, a board-certified radiologist.

Defendant relies on Dr. Decker's review of the Magnetic Resonance Image (MRI) examination which was performed on November 25, 2020.  Dr. Decker noted diffuse loss of disc signal, C2-C3 through C5-C6 with broad bulge and luschka hypertrophy at C4-C5.  He noted that these are longstanding and there was no traumatic injury casually related to the August 19, 2018 accident.

Defendant also relies on Dr. Semble's report dated January 4, 2022 after an orthopedic medical evaluation.   Dr. Semble measured Plaintiff's range of motion using a hand-held goniometer.  The cervical spine, thoracic spine and lumbar spine all had no muscle spasm and normal range of motion.  He performed Jackson's, Scapular Winging, Fabere, Ely's, Kemp's, and Lasegue's sign tests which were all negative.  He performed the Tinel's, and Apley's tests on the right elbow and they were negative with normal range of motion.  He also performed Lachman's, Patella tracking, stable-Varus, McMurray on the right and left knee which were all negative.  The range of motion was normal.  He also found that the cervical spine sprain, thoracic spine sprain, lumbar spine sprain/strain, right elbow sprain/strain, bilateral knee sprain/strain and right ankle foot sprain/strain were all resolved.  He found no evidence of orthopedic disability, permanency or residuals and also opined that the Plaintiff could perform her activities of daily living as she was prior to the accident and was capable of working without restrictions.

However, Defendant has nonetheless failed to meet his prima facie burden of showing that Plaintiff did not sustain a serious injury within the meaning of Insurance Law 5102 (d) as a result of the accident (*Toure v Avis Rent a Car Sys.*, 98 NY2d 345 [2002]).  Defendant fails to submit competent medical evidence establishing, prima facie, that Plaintiff did not sustain a serious brain

160842/2019  MOYNIHAN, LYDIA vs. SRIVASTAVA, ABHISHEK
Motion No. 002 003

Page 2 of 4

2 of 4

[* 2]

injury as the Defendant's medical experts failed to address this alleged injury (*Shumway v Bungeroth*, 58 AD3d 431 [1st Dept 2009]; *Hughes v Cai*, 31 AD3d 385 [2d Dept 2006] [where the defendants failed to address the plaintiff's allegations that her decedent suffered traumatic brain injury, they failed to meet their initial prima facie burden]). Defendant's motion papers fail to adequately address Plaintiff's claim, clearly set forth in the Bill of Particulars, that she sustained a traumatic brain injury as a result of the accident.

Even if Defendant made a prima facie showing, a triable issue of fact was raised by Plaintiff's evidence, including Dr. Fallahpour's affirmation relating Plaintiff's injuries to the subject accident.

## II. SUMMARY JUDGMENT ON LIABILITY

In support of Plaintiff's motion for partial summary judgment on the issue of liability, Plaintiff relies primarily on her examination before trial testimony. Plaintiff testified that she was crossing 57th Street from north to south on the west side of the intersection with 3rd Avenue in the crosswalk with a walk sign in her favor, she was near the middle of the street when she saw the vehicle about 10 seconds prior to the accident, to her left on 3rd Avenue turning onto 57th Street, stopped, the next time she saw the vehicle was about one second before the accident, when the grille portion of the vehicle struck Plaintiff in the front.

In opposition, Defendant contends that there is an issue of fact as to whether Plaintiff exercised due care for her own safety by failing to keep Defendant's vehicle within her observation prior to the accident and failing to take any evasive actions. However, Defendant submits only an attorney affirmation. Pursuant to a Court Order dated September 22, 2022, Defendant is "precluded from testifying at trial and from submitting their own affidavit in motion practice." New York courts have consistently held an attorney's affirmation to be inadequate to oppose a summary judgment motion *(see GTF Marketing Inc. v Colonial Aluminum Sales, Inc.,* 66 NY2d 965, 968 [1985]). Without more, such as an affidavit or testimony from a person with first-hand knowledge, Defendant's opposition fails to raise an issue of fact sufficient to preclude a determination of summary judgment on the issue of liability in favor of Plaintiff and against Defendant.

160842/2019 MOYNIHAN, LYDIA vs. SRIVASTAVA, ABHISHEK
Motion No. 002 003

Page 3 of 4

3 of 4

[* 3]

INDEX NO. 160842/2019

RECEIVED NYSCEF: 04/05/2024

Accordingly, it is

**ORDERED** that the motion by Defendant ABHISHEK SRIVASTAVA for summary judgment on the grounds that Plaintiff's alleged injuries fail to satisfy the serious injury threshold under Insurance Law 5102(d) (Motion Sequence 2) is denied; and it is further

**ORDERED** that Plaintiff's motion for summary judgment on the issue of liability (Motion Sequence 3) is granted; and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 4/5/2024 | | |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

160842/2019  MOYNIHAN, LYDIA vs. SRIVASTAVA, ABHISHEK
Motion No. 002 003

Page 4 of 4

[* 4]