■ STEPHEN JOYCE, Appellant, v JOSEPH G. LACERRA et al., Respondents. [838 NYS2d 530]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 11, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

On January 16, 2004, plaintiff, a pedestrian, was crossing a road at LaGuardia Airport when he was struck by a taxi driven and owned by defendants. Plaintiff was thrown into the air by the impact and then hit the taxi's windshield, breaking it, before being propelled to the ground.

Complaining of pain to his right knee, plaintiff was examined by EMS and Port Authority Police, and he thereafter boarded his flight to Michigan. Upon arrival, he went to a hospital emergency room where his knee was x-rayed and he was discharged with crutches and an immobilizer brace. When plaintiff returned from Michigan, he was treated by his local physician before commencing this action.

Defendants' motion for summary judgment, which asserted that plaintiff did not meet the serious injury threshold of Insurance Law § 5102 (d), should have been denied. In response to defendants' expert's allegations that plaintiff merely suffered bone contusions or bruising and that there was no evidence of a permanent abnormality, Dr. George McGinnis, plaintiff's orthopedic surgeon, who repaired his anterior cruciate ligament (ACL) with surgery in March 2004, opined that an MRI taken less than two weeks after the accident showed plaintiff had suffered "an acute traumatic [ACL] tear and a nondisplaced fibular head fracture" due to the accident. In response to the motion, plaintiff consulted with Dr. Robert Diamond, a radiologist who reviewed the original MRI taken in March 2004 who found that the MRI revealed an almost complete ACL tear as well as a fracture of the fibula head. Also, Dr. Dov Berkowitz, an orthopedic surgeon who offered an expert affidavit for plaintiff in response to the motion, agreed that plaintiff sustained "a non-displaced fracture of the head of the right fibula and a full thickness anterior cruciate ligament tear of the right knee," based upon his review of plaintiff's medical records and his examination of plaintiff performed on October 17, 2005.

A fracture of plaintiff's knee as a result of the accident is, by itself, sufficient to establish a serious injury under the Insurance Law (see Lanpont v Savvas Cab Corp., 244 AD2d 208, 211-212 [1997]). Plaintiff's medical evidence, submitted in response

to the motion, set forth a prima facie case that he had suffered a tibia head fracture and ACL tear, thus raising issues of material fact as to whether he had sustained a serious injury (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351-352 [2002]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.