■ NICOLE GLOVER, Respondent, v CAPRES CONTRACTING CORPORATION et al., Appellants. [877 NYS2d 75]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered May 7, 2008, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants' orthopedic expert, Dr. Kerness, reported ranges of motion for the affected knee and compared them to the norm. According to these tables, plaintiff suffered no range-of-motion limitations. Dr. Kerness also performed numerous objective tests, all of which were negative, and his report established, prima facie, that plaintiff did not suffer a "significant" or "permanent consequential limitation" with respect to the functioning of the knee. Plaintiff, in turn, failed to raise a triable issue of fact with regard to these categories of "serious injury" (Insurance Law § 5102 [d]). The report of her chiropractor does not even address the knee injury, but focuses instead on spinal limitations that are not alleged in the bill of particulars.

Defendants also established that plaintiff's injury did not fall within the 90/180-day category of the statute. The bill of particulars states that plaintiff was confined to home or bed for a period of weeks, but does not indicate that such confinement was medically ordered. Plaintiff's self-serving deposition testimony regarding her inability to work for a period of time is insufficient to establish that she was prevented from performing her usual and customary activities for at least 90 of the 180 days following the accident (see Rodriguez v Abdallah, 51 AD3d 590, 592 [2008]).

A knee fracture is an independent category of serious injury under the statute (see Joyce v Lacerra, 41 AD3d 236 [2007]). Aware of this alleged fracture, Dr. Kerness not only found a normal range of motion, but diagnosed the injury as "resolved." Plaintiff argues that defendants failed to meet their initial burden because they never addressed the record evidence of a patellar fracture. That evidence, however, is equivocal. Only one of the unsworn X-ray reports, dated seven months after the accident, notes a healing patellar fracture. The other (contemporaneous) reports were equivocal and call for confirmation via clinical examination or further studies. The MRI report of Dr. Campbell, which defendants were entitled to rely on (see Newton v Drayton, 305 AD2d 303 [2003]), found a contusion, but no recognition of the clinically described patellar fracture, and no cortical offset was observed. He recommended correlation with radiograph or other CT scanning to detect the presence of a fracture not yet identified.

Dr. Campbell's report was sufficient to establish, prima facie, that plaintiff had not sustained a fracture. In turn, plaintiffs failed to raise a triable issue of fact. The affidavit of plaintiff's chiropractor did not address the injury to the right knee. The contemporaneous X-ray reports are equivocal regarding the existence of a fracture and are in any event inadmissible (Grasso v Angerami, 79 NY2d 813 [1991]). The only reference to a fracture is in the September 15, 2006 report of the X ray of the right knee, which detects "a transverse sclerotic line . . . across the superior patella consistent with healing patellar fracture." The impression repeats: "Healing patellar fracture." In addition to this report being unsworn, it cannot be determined who interpreted the X ray or whether it became a part of plaintiff's medical record. There is no other evidence of a fracture, admissible or otherwise, since neither plaintiff's medical records nor those of her treating physicians are presented. There is no report referencing these findings, adopting them or correlating them with physical findings. Plaintiff has thus failed to demon-

strate that she sustained a serious injury (*see O'Bradovich v Mrijaj*, 35 AD3d 274 [2006]). Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Freedman, JJ.