■ Recharde Hospedales, Appellant, v "John Doe," Also Known as Danilo G. Perdomo, et al., Respondents. [913 NYS2d 195]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered August 10, 2009, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiff failed to raise an issue of fact in response to defendants' prima facie showing that plaintiff's alleged injuries are neither permanent nor significant and, moreover, not the result of the July 2005 automobile accident in question. More particularly, in support of the motion, defendants' orthopedic

surgeon stated that he examined plaintiff in October 2007 and diagnosed him with a resolved sprain/strain of the cervical and lumbar spine, a resolved sprain of the bilateral shoulders, and a resolved sprain of the bilateral elbows. In response, plaintiff's treating physician stated that he last saw plaintiff in March 2006, at which time he diagnosed plaintiff with cervical pain secondary to cervical disc herniations, cervical radiculopathy, and lower back pain, all permanent. The only explanation offered for this cessation of treatment eight months after the accident is plaintiff's physician's statement that unspecified "insurance coverage issues" prevented plaintiff from complying with a recommendation to see an orthopedic surgeon. Such statement does not reasonably explain a complete cessation of treatment for allegedly permanent injuries (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Thus, other than plaintiff's physician's conclusory statement that plaintiff's injuries are permanent, there is no response to defendants' medical evidence that, a year and a half after plaintiff was last seen by his physician, plaintiff's injuries had resolved.

In addition, plaintiff simply did not address the affidavit of defendant's radiologist stating that the disc herniations revealed on an MRI taken in November 2005 were the result of a degenerative condition unrelated to the accident (*see Pommells*, 4 NY3d at 579-580). In any event, even if plaintiff's alleged limitations were attributable to disc herniations that are not degenerative in nature, "bulging or herniated discs are not, in and of themselves, evidence of serious injury without competent objective evidence of the limitations and duration of the disc injury" (*DeJesus v Paulino*, 61 AD3d 605, 608 [2009], citing *Pommells*, 4 NY3d at 574). Plaintiff offered no such objective evidence. At most, plaintiff showed that he was, about eight months after the accident, still experiencing some cervical pain, cervical radiculopathy, and low back pain.

Plaintiff's alleged 90/180-day injury was sufficiently refuted, prima facie, by his bill of particulars alleging that he was confined to bed for one week and to home for one month (*see DeJesus*, 61 AD3d at 607). The report of plaintiff's treating physician, which does not indicate that plaintiff was advised not to work or engage in any particular activities after the accident, failed to raise an issue of fact in this regard (*see Nieves v Castillo*, 74 AD3d 535 [2010]; *Weinberg v Okapi Taxi, Inc.*, 73 AD3d 439 [2010]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.