■ GABRIEL BORJA, Respondent, v JULIO E. DELAROSA et al., Appellants. [934 NYS2d 24]—

Plaintiff was injured on September 16, 2006 when driving west on 155th Street in Manhattan. His vehicle was struck on the driver's side by a truck owned by defendant Benycol. Although defendants submitted sufficient evidence to rebut plaintiff's claim of serious injury to his shoulder, plaintiff submitted medical evidence in admissible form raising a triable issue of fact with respect to permanent limitations of motion of his cervical spine. Plaintiff's treating physician, Dr. Javier Chacon, submitted a sworn statement opining that plaintiff sustained injuries to his cervical spine that were objective and specifically quantifiable and were caused by the motor vehicle accident. Dr. Chacon's findings were consistent with those of radiologist Dr. Steven Brownstein's, whose reading of an MRI revealed anterior and posterior protruded disc herniations at C6-7. Dr. Arden Kaisman, an anesthesiologist, based on a finding of spasm and limited range of motion in the cervical spine, concluded that plaintiff suffers from permanent cervical radiculopathy and myofascial pain syndrome. He administered epidural steroid injections.

On the other hand, defendants' experts, Dr. Kudlip Sachdev, a neurologist, and Dr. Michael J. Katz, an orthopedist, found normal range of motion in the cervical spine. Dr. David L. Milbauer, a radiologist, noted disc bulging in the C6-7 area, but attributed it to degenerative changes. Although Dr. Chacon did not directly address Dr. Milbauer's nonconclusory opinion that the cervical spine injuries were degenerative, he specifically attributed the cause of the injuries to the motor vehicle accident. Thus, his opinion is entitled to equal weight with that of the defense experts (*Linton v Nawaz*, 62 AD3d 434, 439 [2009], *affd* 14 NY3d 821 [2010]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [2011]).

Plaintiff acknowledged that the pain in his shoulder resulting from the accident had resolved, and thus any claim relating to the shoulder is dismissed. Similarly, the record also demonstrates that dismissal of plaintiff's claim under the 90/180-day category of serious injury is warranted. Plaintiff's bill of

particulars and affidavit indicate that he missed only 40 days of work (*see Hospedales v "John Doe"*, 79 AD3d 536, 537 [2010]). Moreover, plaintiff's reduced work schedule was insufficient to raise a triable issue of fact on this claim (*see Perez v Corr*, 84 AD3d 646, 647 [2011]). Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.