■ Tirson Baez, an Infant, by His Mother and Natural Guardian, Santa Baez, et al., Appellants, v May H. Boyd et al., Respondents. [934 NYS2d 313]—

Defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting the affirmed reports of their medical experts. Their orthopedic expert reported ranges of motion for the subject ankle and foot, compared them to the norm, found that plaintiff had no range-of-motion limitations, and concluded that his injuries had resolved (see Glover v Capres Contr. Corp., 61 AD3d 549, 549 [2009]). Their other physician reviewed the X rays and MRIs of the subject areas and found that the infant plaintiff had sustained no fracture.

Plaintiffs, however, raised a triable issue of fact by submitting the affirmed report of the infant plaintiff's treating orthopedist, who affirmed that his review of the infant plaintiff's MRI films revealed a nondisplaced fracture of the calcaneus (heel bone) and a presumed Salter-Harris I fracture of the distal fibula. A fracture, by definition, constitutes a "serious injury" under the statute (Insurance Law § 5102 [d]; *Elias v Mahlah*, 58 AD3d 434, 434-435 [2009]). Although the equivocal finding of a "presumed" Salter-Harris I fracture, standing alone, may not satisfy the serious injury threshold (*see Glover*, 61 AD3d at 550), if the trier of fact determines that a serious injury has been sustained, it may award damages for all injuries causally related to the accident, even those that do not meet the threshold (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [2010]). Concur—Tom, J.P., Friedman, Freedman, Richter and Manzanet-Daniels, JJ.