Defendant established prima facie that plaintiff did not sustain a serious injury resulting in either a “permanent consequential” or a “signifícant” limitation of use of his lumbar spine by submitting an affirmation by a neurologist who examined plaintiff and found a full range of motion of the *453 lumbar spine, and diagnosed him with a resolved lumbar sprain/ strain (see Baez v Boyd, 90 AD3d 524 [1st Dept 2011]).
In opposition, plaintiff raised an issue of fact by submitting an MRI report by his radiologist, who found a disc herniation at L4-5; a report by a physician who opined that a subsequent MRI of the lumbar spine revealed an acute compression fracture of the endplate at L3 and disc herniations at L4-5 and other levels; his chiropractor’s affidavit showing range of motion limitations contemporaneous with the accident; and affirmations by three physicians who found continuing limitations and opined that these limitations were permanent and that the lumbar injuries were directly caused by the accident (see Thompkins v Ortiz, 95 AD3d 418 [1st Dept 2012]). This record does not support plaintiff’s contention that he suffered a permanent loss of use of his lumbar spine (see Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]).
Defendant established prima facie that plaintiff did not sustain a 90/180-day injury by submitting plaintiff’s bill of particulars and deposition testimony acknowledging that he was confined to bed and home for only a week; in opposition, plaintiff failed to raise an issue of fact (see Hospedales v “John Doe”, 79 AD3d 536 [1st Dept 2010]). Concur — Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.