■ MARJORIE T. OSBORNE et al., Respondents, v CHRISTIAN O. DIAZ et al., Appellants. [961 NYS2d 117]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered February 8, 2012, which denied defendants' motion for summary judgment dismissing the complaint alleging serious injuries under Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff Osborne's claims of serious injury to her cervical spine and under the 90/180-day category and plaintiff Amissah's claims of serious injury to his cervical and lumbar spine and under the 90/180-day category, and otherwise affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law by showing that plaintiff Osborne did not suffer a serious injury to her cervical spine or lumbar spine, and that plaintiff Amissah did not suffer a serious injury to his right shoulder, cervical spine, and lumbar spine. Defendants submitted affirmed reports of a radiologist who opined that changes to the spine and shoulder were degenerative in origin and that

there was no evidence of acute recent trauma (*see Pannell-Thomas v Bath,* 99 AD3d 485 [1st Dept 2012]; *Arroyo v Morris,* 85 AD3d 679 [1st Dept 2011]). Defendants also submitted affirmed reports of an orthopedic surgeon who found full range of motion in every plane, and diagnosed both plaintiffs with resolved strains/sprains of the cervical and lumbar spines (*see Melo v Grullon,* 101 AD3d 452 [1st Dept 2012]).

Contrary to plaintiffs' contention, the affirmation of defendants' neurologist, finding a minor limitation in range of motion in a single plane of Amissah's cervical spine and lumbar spine, is not fatal to defendants' prima facie showing, where the neurologist found a full range of motion in every other plane, indicated that the deficits were subjective, and in light of the orthopedic surgeon's opinion that the strains/sprains were resolved (*see Paduani v Rodriguez,* 101 AD3d 470 [1st Dept 2012]; *Sone v Qamar,* 68 AD3d 566 [1st Dept 2009]).

Plaintiff Osborne raised an issue of fact as to her lumbar spine injury. She submitted an affirmed report of a neurologist who measured recent limitations in range of motion and, upon reviewing Osborne's medical history and prior lack of symptoms, opined that the injuries were caused by the accident (*see Bonilla v Abdullah,* 90 AD3d 466 [1st Dept 2011], *lv dismissed* 19 NY3d 885 [2012]). Osborne's neurologist made a positive finding for straight leg raising test, which provided objective evidence of lumbar injury (*see Jackson v Leung,* 99 AD3d 489 [1st Dept 2012]; *Brown v Achy,* 9 AD3d 30, 32 [1st Dept 2004]).

Plaintiff Amissah raised an issue of fact as to his right shoulder injury by submitting the affirmation of his orthopedic surgeon who conducted a number of objective tests, performed arthroscopy, found recent range of motion limitations, and opined, based upon his examinations and observations made during surgery, that Amissah's injuries were caused by the accident (*see Delgado v Papert Tr., Inc.,* 93 AD3d 457 [1st Dept 2012]).

Serious injuries to plaintiffs Osborne's lumbar spine and plaintiff Amissah's right shoulder having been established, we need not address whether the other injuries claimed by plaintiffs were sufficient to meet the no fault threshold (*see Rubin v SMS Taxi Corp.,* 71 AD3d 548, 549 [1st Dept 2010]).

Plaintiffs' 90/180-day claims are dismissed because the evidence shows Osborne was confined to bed and home for about two months after the accident, and Amissah was confined to bed and home for about two weeks after surgery. Accordingly, neither plaintiff alleged the minimum duration to meet the statutory period of disability under the 90/180-day category (*see*

*Arenas v Guaman*, 98 AD3d 461 [1st Dept 2012]; *Borja v Delarosa*, 90 AD3d 407 [1st Dept 2011]). Concur—Gonzalez, P.J., Tom, Richter and Abdus-Salaam, JJ.