*490 Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 11, 2012, which granted plaintiffs motion for summary judgment on the issues of liability and threshold injury under Insurance Law § 5102 (d), unanimously affirmed, without costs.
Plaintiff established his entitlement to judgment as a matter of law on the issue of liability by showing that he was crossing the street within the crosswalk, with the light in his favor, when defendants’ vehicle struck him while making a left turn (see Beamud v Gray, 45 AD3d 257 [1st Dept 2007]). Defendants failed to raise a triable issue of fact as to comparative negligence. Plaintiff testified that he looked both ways before crossing the street, and he could not have avoided the accident given his testimony that he noticed the car moments before being struck (see Kirchgaessner v Hernandez, 40 AD3d 437 [1st Dept 2007]).
Plaintiff also established his entitlement to judgment as a matter of law on the issue of threshold injury under Insurance Law § 5102 (d) by submitting testimony that he fell on the left side of his body upon being hit on the right, and certified contemporaneous hospital records showing fractures in his left arm. A fracture constitutes a “serious injury” under Insurance Law § 5102 (d) (see Baez v Boyd, 90 AD3d 524 [1st Dept 2011]; Joyce v Lacerra, 41 AD3d 236 [1st Dept 2007]). Defendants failed to raise a triable issue, and in fact, their own medical evidence acknowledged fractures in the arm. Because plaintiff has established a fracture, he is entitled to recover for all injuries causally related to the accident, including those not meeting the serious injury threshold (see Linton v Nawaz, 14 NY3d 821 [2010]; Rubin v SMS Taxi Corp., 71 AD3d 548 [1st Dept 2010]).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Gonzalez, PJ., Tom, Richter and Abdus-Salaam, JJ.