Maimone v Hughie (2021 NY Slip Op 03551)





Maimone v Hughie


2021 NY Slip Op 03551


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 23816/17E Appeal No. 14015 Case No. 2020-04256 

[*1]Francesca M. Maimone, Plaintiff-Respondent,
v
Derrick L. Hughie, et al., Defendants-Appellants.


Vigorito, Barker, Patterson. Nichols & Porter, Valhalla (Leilani J. Rodriguez of counsel), for appellants.
Law offices of Joseph A. Romano, P.C., Yonkers (Joseph A. Romano of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about May 29, 2020, which, to the extent appealed as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability and dismissed the affirmative defense regarding plaintiff's comparative fault, unanimously affirmed, without costs.
Plaintiff, a pedestrian, allegedly sustained injuries after she was struck by a vehicle owned by defendant Tremont Electric Co., Inc. and operated by defendant Derrick L. Hughie.
Plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting her own affidavit and deposition testimony, which consistently showed that she was walking in the crosswalk, with the pedestrian "walk" signal in her favor, when Hughie failed to yield the right-of-way and struck her (see Rozon v Rosario, 144 AD3d 597 [1st Dept 2016]; Perez-Hernandez v M. Marte Auto Corp., 104 AD3d 489, 490 [1st Dept 2013]). Her version of how the accident occurred was fully corroborated by the affidavit of the eyewitness. The evidence plaintiff submitted also sufficiently established, prima facie, that she was not at fault in the happening of the accident, because she exercised due care by confirming that the pedestrian "walk" signal was in her favor, looked for oncoming traffic in all directions before entering the crosswalk, and could not avoid the collision that occurred so suddenly (see Hines v New York City Tr. Auth., 112 AD3d 528 [1st Dept 2013]).
In opposition, defendants failed to raise a triable issue of fact. Defendants did not dispute that the light was in plaintiff's favor when she was struck by their vehicle while she was crossing the street (see Bokum v Sera Sec. Servs., LLC, 165 AD3d 535 [1st Dept 2018]). Even though Hughie found plaintiff lying in the crosswalk as a result of the accident, he maintained that plaintiff was not within the crosswalk at the time of impact. In any event, this claim was speculative in view of Hughie's admission that he did not see plaintiff until the impact had already occurred. (see e.g. France Herly Bien-Aime v Clare, 124 AD3d 814, 815 [2d Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021