Coombs v Zelekowitz (2021 NY Slip Op 05076)





Coombs v Zelekowitz


2021 NY Slip Op 05076


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. 158708/16 Appeal No. 14226 Case No. 2020-04494 

[*1]Deborah Marie Coombs, Plaintiff-Respondent,
v
Fern Zelekowitz et al., Defendants-Appellants.


Weber Gallagher Simpson Stapleton Fires and Newby, LLP, New York (Lisa M. Fitzgerald of counsel), for appellants.
Varcadipane & Pinnisi, P.C., New York (Dawn M. Pinnisi of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered May 8, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the claim of serious injury under the 90/180-day category of Insurance Law § 5102(d) and the claim for lost wages, unanimously modified, on the law, to grant the motion as to the 90/180-day claim, and otherwise affirmed, without costs.
Defendants established that plaintiff did not sustain a 90/180-day injury by relying on her testimony that she returned to work within a few days of the accident and that she continued working despite her injuries (see Anderson v Pena, 122 AD3d 484, 485 [1st Dept 2014]), as well as the allegations in her bill of particulars that she was totally disabled for only 21 days and unable to work for only 15 days following the accident (see Hospedales v "John Doe," 79 AD3d 536, 537 [1st Dept 2010]). Plaintiff failed to raise a triable issue of fact in opposition, as she did not offer any evidence that she was disabled during the relevant time period (id.).
Defendants failed to establish that plaintiff's claim for lost wages should be dismissed. Although plaintiff does not claim that she lost wages owed to her, she testified at her deposition that she lost future compensation and an opportunity for promotion as a direct result of her injuries. Defendants did not demonstrate that plaintiff will be unable to establish her claims with reasonable certainty at trial (see El Shammaa v Parent, 237 AD2d 684, 686 [3d Dept 1997]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021