Li v Karim (2023 NY Slip Op 06811)

Li v Karim

2023 NY Slip Op 06811

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Index No. 155210/20 Appeal No. 1309 Case No. 2023-01705 

[*1]Zhi Feng Li, Plaintiff-Appellant,
v
Saiful U. Karim et al., Defendants-Respondents.

Caesar, Napoli & Spivak P.C, New York (Kelsey M. Crowley of counsel), for appellant.
Baker, McEvoy & Moskovits, Brooklyn (Marjorie E. Bornes of counsel), for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered January 25, 2023, which denied plaintiff's motion for summary judgment on the issue of liability and dismissing defendants' affirmative defense of comparative negligence, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff made a prima facie showing of negligence on the part of defendants through her testimony that defendants were solely responsible for the cab striking her while she was crossing the street within the crosswalk, with the right of way (see Lewis v Revello, 172 AD3d 505, 506 [1st Dept 2019]; Perez—Hernandez v M. Marte Auto Corp., 104 AD3d 489, 490 [1st Dept 2013]). Even if plaintiff continued to walk after seeing defendants' vehicle approaching but not yet in the intersection, plaintiff had the right of way and was "entitled to anticipate that [defendant] would obey traffic laws which required [him] to yield" (Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009] [internal quotation marks omitted]).
In opposition, defendants' arguments that the uncertified police report raised an issue of fact are unavailing. The uncertified police accident report prepared by an officer who did not witness the accident is not admissible for the purposes of establishing the cause of the accident (see Garcia v BLS Limousine Serv. of N.Y., Inc., 199 AD3d 612 [1st Dept 2021]). We note that defendant driver had been precluded from offering testimony to dispute plaintiff's account of events because he failed to appear for court ordered depositions. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023