Traorey v City of New York (2024 NY Slip Op 03152)

Traorey v City of New York

2024 NY Slip Op 03152

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Index No. 30278/18 Appeal No. 2483 Case No. 2023-02798 

[*1]Allahassan Traorey, Respondent,
v
The City of New York, et al., Appellants.

Ahmuty, Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for appellants.
Budin, Reisman, Kupferberg & Bernstein, LLP, New York (Gregory C. McMahon of counsel), for respondent.

Order, Bronx County (Bianka Perez, J.), entered May 23, 2023, which granted plaintiff's motion for summary judgment on the issue of liability and dismissed the affirmative defense of comparative fault, unanimously affirmed, without costs.
Plaintiff alleges that he sustained injuries when he was struck by a school bus owned and/or operated by defendants while he was a pedestrian crossing the street. Plaintiff satisfied his prima facie burden of showing defendants' fault and his lack of fault by submitting his deposition testimony that the traffic signal was in his favor and that he looked in both directions for cars before entering the crosswalk (Perez-Hernandez v M. Marte Auto Corp., 104 AD3d 489, 490 [1st Dept 2013]; Cartagena v Girandola, 104 AD3d 599, 599-600 [1st Dept 2013]). This evidence established that defendant bus driver, Richard Gil, violated Vehicle and Traffic Law §§ 1111 and 1112(a) by failing to yield the right-of-way to plaintiff despite a green light and WALK signal in his favor (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 441 [2007]).
In opposition, defendants failed to submit any admissible evidence to raise a triable issue of fact. The uncertified police accident report containing a statement purportedly made by the bus driver was inadmissible hearsay (see Silva v Lakins, 118 AD3d 556, 557 [1st Dept 2014]; see also Zhi Feng Li v Karim, 222 AD3d 594 [1st Dept 2023]). Defendants also submitted an affidavit of the bus driver, but that affidavit simply confirmed that he made the statement in the report without stating whether or not the statement was true. Nor did the affidavit address the part of the police report that cited the bus driver for violating Administrative Code of City of NY § 19-190(b), which requires a driver to yield to a pedestrian who has the right of way. As defendants acknowledged, that affidavit was insufficient to raise an issue of fact but only provided some indication of how the bus driver would testify at a deposition.
Contrary to defendants' contention, plaintiff's motion made five years after the action was commenced was not premature. Defendants could have attempted to locate the bus driver to appear for a deposition before plaintiff moved for summary judgment or, after locating him, could have obtained an affidavit based on his personal knowledge of the accident (see Thompson v Pizzaro, 155 AD3d 423 [1st Dept 2017]; CPLR 3212[f]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024