| |
|---|
| **Aw v Smith** |
| 2026 NY Slip Op 31036(U) |
| March 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 160152/2024 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    **HON. ARIEL D. CHESLER**       **PART**       **62M**

*Justice*

------------------------------------------------------------X

ABD RAZAGH AW,

         Plaintiff,

         - v -

MATTHEW SMITH, NEW YORK CITY DEPARTMENT OF
TRANSPORTATION, CITY OF NEW YORK

         Defendant.

------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160152/2024 |
| MOTION DATE | 10/06/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for        JUDGMENT - SUMMARY        .

Upon the foregoing documents, it is

In this proceeding, plaintiff seeks an Order pursuant to CPLR § 3212 granting summary judgment on the issue of liability and striking affirmative defenses as to comparative negligence and proximate cause.

This action arises out of personal injures allegedly sustained by plaintiff when plaintiff was struck by a motor vehicle owned by defendant New York City Department of Transportation and the City of New York, and operated by defendant Matthew Smith (collectively referred to as "the City"). The incident allegedly occurred while the plaintiff was walking within the crosswalk across Grand Street at its intersection with Varick Street in New York, New York.

Plaintiff commenced this action by the filing of a Summons and Complaint on October 31, 2024 (*see* NYSCEF Doc. No. 1). Issue was joined by defendants serving an Answer on January 28, 2205 (*see* NYSCEF Doc. No. 6). Defendants served an Amended Answer on May 20, 2025 (*see* NYSCEF Doc. No. 7).

160152/2024   RAZAGH AW, ABD vs. SMITH, MATTHEW ET AL
Motion No. 001

Page 1 of 5

In support of the instant motion, plaintiff argues that he has sufficiently established his prima facie entitlement to summary judgment as a matter of law by demonstrating that defendants were negligent in failing to yield the right of way to him while he was crossing a street within the crosswalk, and further, that plaintiff himself is free from comparative fault. Plaintiff submits his own Affidavit wherein he avers that he was struck by defendants' vehicle while walking within the crosswalk at the intersection of Grand Street and Varick Street in New York, New York (*see* NYSCEF Doc. No. 15). He states that he entered the crosswalk with the pedestrian "walk" signal in his favor, and while crossing, defendants' vehicle made a left turn from Varick Street onto Grand Street, and struck him, causing him to fall and sustain injuries (*id.*). Plaintiff argues that his own Affidavit is sufficient to establish his prima facie entitlement that he was not at fault in the happening of the accident, thus, the burden now shifts to defendants to come forward with evidentiary facts in admissible form sufficient to establish their entitlement to trial on the issue of liability. Furthermore, plaintiff maintains that defendants' affirmative defenses as to comparative fault and proximate cause must be stricken as he stated in his Affidavit that he was in the crosswalk and crossing the street with the walk signal, and as such, the accident was caused solely by the negligence of the defendants.

The City takes no position as to any determination of fault. In partial opposition, the City argues that to the extent plaintiff's motion for summary judgment as to liability and comparative negligence is granted, the issue of threshold damages and related casualty remains unsolved. Specifically, defendants argue that plaintiff's papers neither argue, nor otherwise demonstrate that he sustained a "serious injury" as defined in Insurance Law § 5102(d). In addition, defendants argue that since no discovery has taken place, and the plaintiff has not made any showing on causality, this issue must be left up to the jury. Thus, defendants aver even if the

**160152/2024 RAZAGH AW, ABD vs. SMITH, MATTHEW ET AL**
**Motion No. 001**

Page 2 of 5

[* 2]

Court were to grant plaintiffs motion seeking summary judgment on the issue of liability and comparative fault, damages and related causality remains to be determined by the jury at a time of trial.

Additionally, defendants argue that all of their affirmative defenses should be preserved. Defendants contest that the question of whether plaintiff was also negligent should remain for the jury's determination. Here, defendants claim that plaintiff failed to make an independent showing that as a matter of law, plaintiff was not negligent in the happening of the accident. Defendants note that there is a question of fact as to whether plaintiff should have seen or heard the City's vehicle and avoided the contract. Furthermore, defendants point to the fact that plaintiff's Affidavit is silent as to the type of Department of Transportation vehicle was involved in the accident, and speed of the vehicle. Lastly, defendants assert there are questions of fact regarding whether the Department of Transportation vehicle was audible and visible on the date of the incident.

In reply, plaintiff argues that defendants' opposition is a statement by their attorney without any sworn testimony by the defendants, and as such, plaintiff's motion must be granted as a matter of law. In response to defendants' argument that dismissal of comparative negligence defenses is premature, plaintiff argues that once a plaintiff establishes a defendant's negligence as a matter of law, any alleged comparative negligence is a separate damages question for the trier of fact. Additionally, plaintiff claims defendants' opposition papers fail to identify any evidence that plaintiff acted negligently or contributed to the happening of the accident. Plaintiff argues that instead, defendants speculate that plaintiff may have avoided the collision. Thus, plaintiff argues such conjecture is legally insufficient to defeat the motion.

**160152/2024   RAZAGH AW, ABD vs. SMITH, MATTHEW ET AL**
**Motion No.  001**

Page 3 of 5

3 of 5

[* 3]

It is well settled a plaintiff struck by a vehicle making a turn can establish a prima facie showing of an entitlement to summary judgment on the issue of liability by presenting proof that she was hit while walking within a crosswalk, with the traffic control in her favor, after looking both ways before crossing (*Perez-Hernandez v. M. Marte Auto Corp.*, 104 AD3d 489, 490 [1st Dept 2013] ["Plaintiff established his entitlement to judgment as a matter of law on the issue of liability by showing that he was crossing the street within the crosswalk, with the light in his favor, when defendants' vehicle struck him while making a left turn"]; *Beamud v. Gray,* 45 AD3d 257 [1st Dept 2007] [holding that a lawful pedestrian in a crosswalk who was struck by a turning vehicle was entitled to summary as a matter of law on the issue of liability]; *Lewis v. Revello,* 172 AD3d 505, 506 ["As to liability, plaintiff established her prima facie entitlement to partial summary judgment by showing that she was crossing the street within the crosswalk, with the light in her favor, when defendant's vehicle struck her while making a left turn"]; *Li v. Karim,* 222 AD3d 594 [1st Dept 2023] ["Plaintiff made a prima facie showing of negligence on the part of defendants through her testimony that defendants were solely responsible for the cab striking her while she was crossing the street within the crosswalk, with the right of way"]).

The burden now shifts to defendant to establish the existence of material issues of fact. (cite). To establish an issue of fact, defendants must provide more than mere speculation that plaintiff might have been negligent (*Beamud,* 45 AD3d at 270). Here, defendants fail to raise any genuine question regarding plaintiff's prima facie case of negligence with regards to this motor vehicle accident with pedestrians in the crosswalk.

**160152/2024   RAZAGH AW, ABD vs. SMITH, MATTHEW ET AL**
**Motion No. 001**

Page 4 of 5

A plaintiff is entitled to partial summary judgment on the issue of defendant's liability even if a defendant raises an issue of fact regarding plaintiff's comparative negligence (*Rodriguez v City of New York*, 31 NY3d 312, 330 [2018]). It is a defendant's burden to prove plaintiff's comparative negligence, not plaintiff's burden to disprove it (*Zhang v. Yellow Transit Corp.*, 5 AD3d 337, 338 [1st Dept 2004]). The general rule is that the question of whether a pedestrian exercised due care in crossing a street is ordinarily one for the jury" (*Rodriguez v. Robert*, 47 A.D. 2d 548 [2d Dept 1975]). Plaintiff's Affidavit alone is insufficient to eliminate any issue of facts whether plaintiff exercised reasonable care in crossing the intersection (*Gonzalez v. Arc_Interior Const.*, 83 AD3d 418, 419 [1st Dept 2011]). As such, the Court denies plaintiff's requests to strike the defendants' affirmative defenses of plaintiff's alleged comparative negligence and proximate cause. Further, the issue of serious injury continues as part of the issue of damages.

Accordingly, it is hereby

**ORDERED**, plaintiff's motion for summary judgment is granted on the issue of liability; and it is further

**ORDERED**, that the plaintiff's motion to strike defendants' affirmative defenses alleging comparative negligence and proximate cause is denied.

This constitutes the Decision of the Court.

_____
3/18/2026
DATE

_____
ARIEL D. CHESLER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160152/2024  RAZAGH AW, ABD vs. SMITH, MATTHEW ET AL
Motion No. 001

Page 5 of 5

[* 5]